JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
12401 Wilshire Blvd., Second Floor
Los Angeles, California 90025
Telephone: (213) 629-1600
Facsimile: (213) 629-1660

Attorneys for Plaintiff
A-ONE COMMERCIAL INSURANCE
RISK RETENTION GROUP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>LEI CHENG, an individual; TENGFEI YANG, and individual; and HONG SHENG GROUP, INC., a California corporation<br><br>Defendants. | Case No.: 2:24-cv-00807-JLS-RAO<br><br>**A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.'s APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HONG SHENG GROUP, INC., AND LEI CHENG; DECLARATIONS OF JOHN E. PEER AND WILLIAM GRACE, JR.**<br><br>Hearing Date: July 12, 2024<br>Time: 10:30 a.m.<br>Courtroom: 8A<br>Judge: Hon. Josephine L. Staton |

PLEASE TAKE NOTICE THAT on July 12, 2024, at 10:30 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at Courtroom 8A, 350 West 1st Street, Los Angeles, California, 90012, 8th Floor, Plaintiff A-ONE Commercial Insurance Risk Retention Group, Inc., ("A-ONE" or "Plaintiff") will present it application for default judgment against Defendant Lei Cheng ("Defendant Cheng"), and against Defendant Hong Sheng Group, Inc. ("Defendant Hong Sheng") (collectively referred to as "Defendants").

The clerk of this Court has previously entered the default of Defendant Cheng on May 2, 2024 (Dkt. No. 23) and the default of Defendant Hong Sheng on June 4, 2024 (Dkt. No. 26). Defendant Yang Tengfei was dismissed from this litigation on May 1,

1

2024 (Dkt. No. 21).

    At the time and place of hearing, A-ONE will present proof of the following matters:

    1.    These defendants are not minors or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

    2.    Said defendants have not appeared in this action;

    3.    On the first claim for relief in A-ONE's First Amended Complaint as to the Duty to Defend, A-ONE is entitled to judgment that policy A-ONE2020-1413, issued to Defendant Hong Sheng and effective from 09/19/2020 through 09/19/2021, owes no duty to defend Defendant Hong Sheng against the claims of Defendant Cheng in the matter of *Lei Cheng v. Hong Sheng Group, Inc., et al.* in Los Angeles County Superior Court. (civil action no. 23-PSCV-01513). ("Underlying Action").

    4.    On the second claim for relief in A-ONE's First Amended Complaint as to the Duty to Indemnify, A-ONE is entitled to judgment that policy A-ONE2020-1413, issued to Defendant Hong Sheng and effective from 09/19/2020 through 09/19/2021, owes no duty to indemnify Defendant Hong Sheng against the claims of Defendant Cheng in the matter of *Lei Cheng v. Hong Sheng Group, Inc., et al.* in Los Angeles County Superior Court (civil action no. 23-PSCV-01513).

    5.    On the third claim for relief in A-ONE's First Amended Complaint, for recoupment of defense costs, A-ONE is entitled to recoup the full amount of the expenses A-ONE has paid or will pay in the defense of Defendant Hong Sheng in the Underlying Action, because no potential for coverage ever existed. Plaintiff in the underlying action Lei Cheng was an employee of Defendant Hong Sheng and policy exclusions apply.

    The foregoing facts are set forth in the accompanying declarations of William Grace, Jr. and John E. Peer, filed herewith.

Dated: June 12, 2024

WOOLLS PEER DOLLINGER & SHER
A Professional Corporation

/s/ JOHN E. PEER
Attorneys for Plaintiff
A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.

3

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. DEFENDANT HONG SHENG IS IN DEFAULT ............................................. 2

III. ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE ............................... 3

    A. The Criteria Set Forth by the Ninth Circuit in *Eitel v. McCool* Favor Entry of Default Judgment Against Defendants Hong Sheng and Cheng ............................................................................................. 3

        1. A-ONE Would be Severely Prejudiced by a Denial of its Application for Default Judgments as to Defendants ........................................................................... 3

        2. A-ONE's Complaint Sufficiently Pleads Causes of Action Against Defendants ................................................. 4

        3. Default Judgment is Appropriate Under the Remaining Four Criteria Set Forth in Eitel .................. 7

IV. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Income Life Ins. Co. v. Lopez,* 2012 WL 4795649, at *1 (D. Nev. Oct. 9, 2012) .. 4

*Cripps v. Life Ins. Co. of N. Am.,*
980 F.2d 1261, 1267 (9th Cir.1992) .................................................................. 5

*Danning v. Lavine,*
572 F.2d 1386, 1388 (9th Cir.1978) .................................................................. 4

*Discovery Commc'n, Inc. v. Animal Planet, Inc.,* 172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001) ..................................................... 4

*Eitel v. McCool,*
782 F.2d 1470, 1471–72 (9th Cir.1986) ..................................................... 3, 4, 7

*Geddes v. United Fin. Group,*
559 F.2d 557, 560 (9th Cir.1977) ................................................................. 5, 8

*H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,*
432 F.2d 689, 691 (D.C. Cir. 1970) .................................................................. 3

*Landstar Ranger, Inc. v. Parth Enters., Inc.*
725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) ........................................................ 7

*Liberty Ins. Underwriters Inc. v. Scudier,* 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013). 7

*Navigators Insurance Company v. Top Construction, Inc.* 2015 WL 12791510, at *2 (C.D. Cal. June 25, 2015). ................................................................................ 4, 7

*Nolan v. Calello,*
2021 WL 4621945, *3 (C.D. Cal. 2021) ......................................................... 4, 9

*PepsiCo, Inc. v. California Security Cans,*
238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) ............................................... 4, 7, 9

*Philip Morris USA, Inc. v. Castworld Prods., Inc.,*
219 F.R.D. 494 (C.D. Cal. 2003) ...................................................................... 4

*Vogel v. Rite Aid Corp.,*
992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) ...................................................... 4

*Wecosign, Inc. v. IFG Holdings, Inc.*
845 F.Supp.2d 1072 (C.D. Cal. 2012) ................................................................ 9

**Statutes**

Soldiers' and Sailors' Civil Relief Act of 1940 ........................................................ 2

**Other Authorities**

10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2688, at 63 (1998) ............................................................ 5

**Rules**

Federal Rules of Civil Procedure, Rule 4(e)(1) ............................................................... 2

Federal Rules of Civil Procedure, Rule 8(b)(6) ............................................................... 5

Rule 55(b)(2) of the Federal Rules of Civil Procedure .................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This declaratory relief action arises out of a work-related accident on May 19, 2021, in Ellenwood, Georgia. Lei Cheng and Tengfei Yang were co-drivers in the interstate transportation of cargo on behalf of Defendant Hong Sheng Group. (Grace Decl. at ¶ 4). At the time of the accident Tengfei Yang was driving a 2019 Freightliner tractor and an attached trailer. Mr. Yang was attempting to back the vehicles into a facility for drop off or pickup. Defendant Cheng was out of and behind the vehicles and was attempting to guide driver Yang when Defendant Cheng's hand was caught between two vehicles and was badly crushed. (Grace Decl. at ¶ 4).

On May 18, 2023, Lei Cheng sued Defendant Hong Sheng and Tengfei Yang in Los Angeles County Superior Court (civil action 23-PSCV-01513). Mr. Cheng's simple form complaint included a single cause of action for Motor Vehicle Negligence seeking wage loss, future earnings loss, hospital and medical expenses, and bodily injury and general damages. (Peer Decl. at ¶¶ 7).

A-ONE issued Motor Carrier Coverage policy A-ONE2020-1413 to Defendant Hong Sheng, which was in place at the time of the May 19, 2021, accident. (Grace Decl. at ¶ 2). The policy covered Defendant Hong Sheng's liability for bodily injury and property damage caused by an accident that results from the use of a "covered auto". The 2019 Freightliner tractor Yang was driving was a "covered auto" under the policy and A-ONE has been providing Defendant Hong Sheng with a defense in the Underlying Action and continues to incur defense expenses despite the absence of coverage for the claims against Hong Sheng. (Grace Decl. at ¶¶ 5, 11).

The A-ONE policy excluded claims of bodily injury to Hong Sheng employees, however, and also excluded claims that resulted from Hong Sheng's use of "Team Drivers" in transporting cargo. (Grace Decl. at ¶ 12). Moreover, the policy required Hong Sheng to cooperate with A-ONE in A-ONE's investigation of the claim. (Grace

1

Decl. at ¶ 7).

After the Underlying Action was filed, A-ONE learned from Lei Cheng's counsel in the Underlying Action that Cheng was an employee of Hong Sheng at the time of the accident and had filed a Workers Compensation claim in California seeking workers compensation benefits for his injury. (Grace Decl. at ¶ 7). A-ONE has since sought confirmation from Hong Sheng as to Defendant Cheng's employment status, but like its response in this action, Hong Sheng has failed to provide any information to A-ONE or to respond at all to A-ONE. (Grace Decl. at ¶ 13).

A-ONE brought this action to establish the absence of coverage for Lei Cheng's claims in the Underlying Action and to recoup the defense expenses it has and will incur in defending Hong Sheng in the Underlying Action. (Peer Decl. at ¶ 8).

## II. DEFENDANT HONG SHENG IS IN DEFAULT

Plaintiff filed the Complaint in the present action on January 30, 2024, [Dkt. No. 1.] and filed a First Amended Complaint on April 1, 2024 [DKT. No. 14] before any defendant had answered.

Federal Rules of Civil Procedure, Rule 4(e)(1) permits service in accordance with state law for serving a summons in an action brought in courts of general jurisdiction in the state where service is made. On April 29, 2024, A-ONE served Hong Sheng Group, Inc. with the First Amended Complaint. [Dkt. No. 19]. On June 4, 2024, the clerk of this Court entered Defendant Hong Sheng's default. [Dkt. No. 26]. To date, Defendant Hong Sheng has not appeared in this action.

On April 2, 2024, A-ONE served Lei Cheng with the First Amended Complaint. [Dkt. No. 17]. On May 2, 2024, the clerk of this Court entered Defendant Cheng's default. [Dkt. No. 23]. A-ONE sued and served Defendant Cheng for the purpose of making any decision by this Court in A-ONE's action binding on him. To date, Defendant Cheng has not appeared in this action.

Defendant Cheng is not a minor or incompetent person or in military service or otherwise exempted by the Soldiers' and Sailors' Civil Relief Act of 1940. (Peer Decl.

at ¶ 6).

## III. ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, A-ONE is entitled to a default judgment against Defendant Hong Sheng and Defendant Cheng. As evidenced by the foregoing discussion regarding service and the Declaration of John E. Peer filed concurrently with this application, a default has been entered as to both defendants. (Peer Decl. at ¶¶ 3, 4).

### A. The Criteria Set Forth by the Ninth Circuit in *Eitel v. McCool* Favor Entry of Default Judgment Against Defendants Hong Sheng and Cheng.

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986) These criteria favor the entry of default judgment here.

#### 1. A-ONE Would be Severely Prejudiced by a Denial of its Application for Default Judgments as to Defendants.

As the Court of Appeals stated in *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. Cir. 1970), "default judgment must normally be viewed as available ... when the adversary process has been halted because of an essentially unresponsive party. In that instance, *the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.*" (Emphasis added.) That is clearly what has taken place here, as the failure or refusal of Defendants Hong Sheng and Cheng to participate in this action precludes A-ONE from moving forward to obtain a coverage determination on the merits and to avoid further expenditures in the defense of uncovered claims.

"On a motion for default judgment, 'prejudice' exists where the plaintiff has no 'recourse for recovery' other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)." *Nolan v. Calello*, 2021 WL 4621945, *3 (C.D. Cal. 2021). Because Defendants Hong Sheng and Cheng have not filed an answer or moved to set aside the Clerk's entry of default, A-ONE would be left without a remedy if default judgments are not entered in A-ONE's favor. *Id.*

A-ONE has incurred defense costs and continues to incur defense costs on behalf of Defendant Hong Sheng in the *Cheng v. Hong Sheng, et al.* action. (Grace Decl., ¶ 11.) A-ONE would be severely prejudiced by a failure to enter default judgment as Defendants' refusal to participate in the judicial process would foreclose A-ONE from obtaining a declaration regarding its rights and avoid the continued defense of Defendant Hong Sheng for an uncovered claim. *See Am. Income Life Ins. Co. v. Lopez*, 2012 WL 4795649, at *1 (D. Nev. Oct. 9, 2012) (granting default judgment for plaintiff's rescission claim when defendant made misrepresentations on his insurance policy application and failed to appear since service), *cited with approval in Navigators Insurance Company v. Top Construction, Inc.* 2015 WL 12791510, at *2 (C.D. Cal. June 25, 2015).

### 2. A-ONE's Complaint Sufficiently Pleads Causes of Action Against Defendants

"The second and third *Eitel* factors "require that a plaintiff state a claim on which [it] may recover." *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Discovery Commc'n, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001) ("The Ninth Circuit has suggested that the first two *Eitel* factor[s] - involving the substantive merits of Plaintiff's claims and the sufficiency of the complaint - 'require that plaintiff's allegations state a claim on which [it] may recover"), *quoting Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)); *see also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014).

Importantly, once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Federal Rules of Civil Procedure, Rule 8(b)(6); *see also, e.g., Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977) [stating the general rule that "upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."] The court, however, must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2688, at 63 (1998) (footnote omitted); *see also Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir.1992).

"[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true ... this Court must still review the facts to ensure that the Plaintiffs have properly stated claims for relief"). *Doe v. Qi,* 349 F. Supp. 2d 1258, 1272 (N.D. Cal. 2004).

On May 21, 2021, Lei Cheng and Tengfei Yang were involved in the interstate transport of goods on behalf of Hong Sheng when the accident occurred, as Mr. Cheng was attempting to guide his co-driver Yang in backing up the Freightliner tractor. (Grace Decl. at ¶4). A-ONE's First Amended Complaint alleges five exclusions apply to preclude coverage for the Underlying Action:

(3) "**Workers' Compensation**", which precludes coverage for:

> Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

(4) "**Employee Indemnification and Employer's Liability**", which excludes coverage for:

> 'Bodily injury' to:

       (a) An 'employee' of the insured arising out of and in the course of:

          1. Employment by the 'insured'; or
          2. Performing the duties related to the conduct of the 'insured's' business…..

(5) **"Fellow Employee"**, which precludes coverage for:

'Bodily injury' to:

    (a)   Any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business….

Endorsement A1-AL 014 (11/17) "Bodily Injury Exclusion Endorsement", which provides:

> Passengers: This insurance does not apply to any 'bodily injury' suffered by a passenger in any part of the covered 'auto', including but not limited to the cab, tractor, or sleeper, or for any individuals entering or alighting from the covered 'auto'.

Endorsement A1-AL 003 (11/17) "Team Drivers Endorsement", which provides in relevant part:

> In consideration of the reduced premium provided, the Named Insured warrants that no "team drivers" are utilized in the operation of the Named Insured's business.
>
> Accordingly, this insurance does not apply to 'bodily injury' or 'property damage' arising out of and/or in the course of any 'team drivers' employment or while performing duties related to the conduct of the 'insured's' business.
>
> 'Team Drivers' means a team of two or more drivers who ride together and drive the same truck in shifts, essentially allowing the truck to remain in motion almost constantly.

(Grace Decl. at ¶ 12).

### 3. **Default Judgment is Appropriate Under the Remaining Four Criteria Set Forth in Eitel.**

The final four criteria for consideration under *Eitel* are (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits.

*The Sum of Money Involved*

Under the fourth *Eitel* factor, the Court must balance 'the amount of money at stake in relation to the seriousness of Defendant's conduct.' *PepsiCo. Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1176. "This requires that the Court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.* 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

A-ONE is not seeking a monetary recovery from Defendant Cheng and seeks to recover from Defendant Hong Sheng only to the extent of payments A-ONE has made or makes in Hong Sheng's defense of the Underlying Action. *See Liberty Ins. Underwriters Inc. v. Scudier,* 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (finding that because plaintiff is only seeking equitable relief and no money is directly at stake, the fourth *Eitel* factor weighs in favor of default judgment), *cited with approval in Navigators Insurance Company*, 2015 WL 12791510, at *2 (C.D. Cal. June 25, 2015).

*The Possibility of a Factual Dispute*

1. While there is always a *possibility* of a dispute concerning the material facts of a case, Hong Sheng's consistent failure to have any contact with A-ONE has made it impossible to determine if Hong Sheng has any dispute with A-ONE's understanding of the facts. Defendant Cheng and Tenfei Yang were working together transporting property to a location in Ellenwood, Georgia on behalf of Hong Sheng at the time of the accident. (Grace Decl. at ¶ 4). After the Underlying Action was filed, A-ONE learned from Rendell Guerrero, Lei Cheng's counsel in the Underlying Action,

7

that Cheng was an employee of Hong Sheng at the time of the accident and had filed a Workers Compensation claim in California seeking workers compensation benefits for his injury. (Grace Decl. ¶ 8). A-ONE thereafter learned that Hong Sheng had retained attorney Stephen Kwan to represent Hong Sheng in the workers compensation proceeding brought by Cheng, but found Hong Sheng had no workers compensation coverage insurance and the workers compensation claim was dropped after Cheng found no insurance policy was available. (Grace Decl. ¶ 9).

A-ONE has therefore requested information and documents for Tengei Yang and Lei Cheng, including 1099's or W-2's, any signed contracts, the Bill of Lading involved with the trip in issue, and further information about the accident, but has received no response, despite the requirement in the A-ONE policy that the insured cooperate in A-ONE's investigation. (Grace Decl. at ¶ 13).

As a practical matter, a default judgment could never be entered if the mere possibility that a defaulted defendant might later come up with a factual dispute were enough to preclude its entry. Further, this criterion must be tempered by the general rule, stated above, that once default is entered by the Clerk, "*the factual allegations of the complaint… will be taken as true.*" *Geddes,* 559 F.2d 557, 560 (emphasis added).

The allegations of the complaint, "taken as true," and the evidence presented with this motion, establish that Lei Cheng was involved as an employee of Hong Sheng at the time he was transporting cargo for hire with co-driver Yang when the accident occurred.

*Excusable Neglect*

Finally, the complete failure to respond to a complaint cannot be attributed to "excusable neglect." This is not a situation where a willing litigant in a proceeding failed to comply with a rule of court or missed a deadline. Rather, Defendants Cheng and Hong Sheng have willfully ignored the action altogether. It is hard to imagine how a party would be acting in "good faith" by totally ignoring a lawsuit. The complete failure to respond to a complaint cannot be "excusable neglect." There could never be a default

judgment entered for failure to answer a complaint if such a refusal to participate in the legal system can be written off as "excusable neglect." "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.* 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

*Public Policy*

Lastly, while there is rightly a strong public policy in favor of deciding an action on its merits, denying default in this case would not serve that policy. "Although public policy favors the resolution of a case on its merits, 'this preference, standing alone, is not dispositive." *See PepsiCo*, 238 F. Supp. 2d 1172, 1177. Courts often find that granting default judgment is appropriate when a defendant fails to adequately defend against a lawsuit." *Nolan v. Calello*, 2012 WL 4621945 at * 6 (and cases cited therein).

By their conduct, Defendants Hong Sheng and Cheng have refused to allow the case to go forward on its merits. A-ONE has no ability to pursue its case without their participation. This is, therefore, the classic situation that demands the entry of a default judgment.

## IV. CONCLUSION

For all the foregoing reasons and the reasons set forth in the Declaration of John E. Peer and Declaration of William Grace, Jr. filed herewith, Plaintiff A-ONE Commercial Insurance Risk Retention Group, Inc. respectfully requests that the Court enter Judgment in its favor as follows:

On the first claim for relief, for a declaration that A-ONE is entitled to judgment that Policy Number A-ONE2020-1413, issued to Defendant Hong Sheng, effective 09/19/2020 to 09/19/2021, does not owe an obligation to defend Hong Sheng or any defendant in the Underlying Action.

On the second claim for relief, for a declaration that A-ONE is entitled to judgment that Policy Number A-ONE2020-1413, issued to Defendant Hong Sheng,

effective 09/19/2020 to 09/19/2021, does not owe an obligation to indemnify Hong Sheng or any defendant in the Underlying Action.

On the third claim for relief for recoupment, for a declaration that A-ONE is entitled to recoup from Defendant Hong Sheng the full amount of the expenses A-ONE has incurred or will incur in the defense of Defendant Hong Sheng in the Underlying Action.

Respectfully submitted,

Dated: June 12, 2024  

WOOLLS PEER DOLLINGER & SHER
A Professional Corporation

/s/ JOHN E. PEER
Attorneys for Plaintiff
A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.