JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> LEI CHENG and HONG SHENG GROUP INC., <br><br> Defendants. | Case No.: 2:24-cv-00807-JLS (RAO) <br><br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Doc. 28)** |

Before the Court is Plaintiff A-One Commercial Insurance Risk Retention Group, Inc.'s Application for Default Judgment against Defendants Hong Sheng Group, Inc. and Lei Cheng (Doc. 28).

Defendants Hong Sheng Group, Inc. and Lei Cheng having failed to appear in this action, default having been entered against Hong Sheng Group, Inc. on June 4, 2024 (Doc. 26) and against Lei Cheng on May 2, 2024 (Doc. 23), and counsel for Plaintiff having filed a proper application and declarations in accordance with Federal Rules of Civil Procedure 55 and Local Rule 55-1 (Docs. 28, 28-1 & 28-2), the Court hereby **GRANTS** Plaintiff's application for default judgment as to Defendant Hong Sheng Group, Inc. and Defendant Lei Cheng.

The Court has considered Local Rule 55 and evaluated the matter under the requirements set forth in *Eitel v. McCool*, 572 F.2d 1470, 1471-1472 (9th Cir. 1986), including: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits, and finds plaintiff has satisfied those requirements for the following reasons:

(1) Plaintiff provided a declaration stating: (1) when and against whom default was entered; (2) that default was entered as to Plaintiff's First Amended Complaint; (3) that Defendants are not infants or incompetent persons; and (4) that the Servicemembers Civil Relief Act does not apply.  (Doc. 28-1 ¶ 1–6.)

(2) Because Defendants have not appeared in this action, service of the application was not required. *See* Fed. R. Civ. P. 55(b)(2).

(3) A-ONE would be prejudiced by a denial of this application because the failure or refusal of Defendants Hong Sheng Group and Cheng to participate in this action precludes A-ONE from obtaining a coverage determination on the merits and avoiding incurring further expenditures in defending claims that are not covered by the A-ONE policy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d

916, 920 (C.D. Cal. 2010) (prejudice is shown if denying the application for default judgment would leave the plaintiff without a remedy)

(4) A-ONE has made a sufficient showing that exclusions or endorsements preclude any coverage for the underlying *Lei Cheng* litigation. (*See* Doc. 28 at 7–8, 11–14.)

(5) The A-ONE First Amended Complaint sufficiently pleads a basis to establish the absence of coverage for the underlying *Lei Cheng* litigation, including the exclusions and endorsements referenced above. (*See* FAC ¶¶ 5–14.)

(6) A-ONE seeks only to recover $8,261.89 in defense expenses it has incurred in the defense of Hong Sheng in the underlying *Lei Cheng* action.

(7) Given the above, the possibility of a dispute concerning material facts is "remote" in this action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d, 1082 (C.D. Cal. 2012) ("Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote.").

(8) Defendants' failure to respond to the A-ONE's First Amended Complaint cannot be considered "excusable neglect," as Defendants were properly served. (*See* Docs. 17 & 19.)

(9) Although public policy favors the resolution of a case on its merits, "this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (cleaned up). Defendants' failure to answer Plaintiff's complaint "makes a decision on the merits impractical, if not impossible." *Id.* Therefore, this factor does not weight against granting the application.

Dated: July 9, 2024

JOSEPHINE L. STATON
_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE